# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MICHAEL MOI, an individual, <br><br> Respondent, <br><br> v. <br><br> CHIHULY STUDIO, INC., a Washington corporation; DALE CHIHULY, individually; and LESLIE CHIHULY, individually, <br><br> Appellant. | No. 79756-5-I <br><br> DIVISION ONE <br><br> UNPUBLISHED OPINION |

APPELWICK, J. — Moi appeals an order dismissing his defamation claim against Chihuly for failure to state a claim upon which relief can be granted. He argues the trial court erred in finding his claim was a compulsory, rather than a permissive, counterclaim in a federal lawsuit between the parties. We affirm.

## FACTS

On June 2, 2017, Moi filed a lawsuit in King County Superior Court against Dale and Leslie Chihuly and Chihuly Studios, Inc. Moi alleged that he participated in the creation of multiple pieces of art for which Chihuly and Chihuly Studios took full credit. Moi claimed to have worked for Chihuly as an independent contractor for building and construction related work. In addition to this work, however, he claimed to have participated in multiple clandestine painting sessions for which he

Citations and pin cites are based on the Westlaw online version of the cited material.

was not paid. Moi sought to be declared a co-author of various pieces of art that resulted from this effort.

That same day, June 2, 2017, Chihuly removed the lawsuit to federal court and filed an answer and a counterclaim. Chihuly denied Moi ever worked as a painting assistant and sought a declaratory judgment that Moi was not a co-author of the works in question.

Also that same day, Chihuly released a statement to the press regarding the lawsuit. The statement repeated various statements from Chihuly's counterclaim, including, "Mr. Moi never worked with Dale as a painting assistant, and he did not participate in the creation of Dale's art. His claims are not only baseless, they are a complete fabrication."

Moi filed an answer to Chihuly's counterclaim in the federal case on July 7, 2017.

On December 20, 2018, Moi filed the present defamation action against Chihuly in King County Superior Court. He alleged that the statements Chihuly made to the press were untrue. He pointed specifically to the above statement in Chihuly's counterclaim.

Chihuly moved to dismiss Moi's defamation action under CR 12(b)(6). He claimed, inter alia, that the defamation claim was a compulsory counterclaim in the federal lawsuit between the parties. The trial court granted Chihuly's motion to dismiss on that basis.

Moi appeals.

DISCUSSION

Moi claims the trial court erred in ruling that his defamation lawsuit was a compulsory counterclaim in the federal lawsuit between the parties.

Washington and federal courts share a similar compulsory counterclaim rule:

> A pleading shall state as a counterclaim <u>any claim</u> <u>that—at the time of its service—the pleader has</u> against any opposing party <u>if the claim:</u>
>
> (A) <u>arises out of the transaction or occurrence</u> that is the subject matter of the opposing party's claim; and
>
> (B) does not require another party over whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a) (emphasis added); CR 13(a). In determining what constitutes a "transaction or occurrence," we consider whether the claim and counterclaim are "logically related." <u>Chew v. Lord</u>, 143 Wn. App. 807, 813, 181 P.3d 25 (2008). Failure to plead a compulsory counterclaim prevents a party from bringing a separate subsequent action on that claim. <u>Id.</u> at 814. We review dismissal of claims under CR 12(b)(6) de novo. <u>Reid v. Pierce County</u>, 136 Wn.2d 195, 200-01, 961 P.2d 333 (1998). "A claim which either matured or was acquired by the pleader <u>after serving the pleading</u> may, with permission of the court be presented as a counterclaim by supplementary pleading." CR 13(e) (emphasis added).

Moi makes two specific arguments. First, he contends that the defamation claim arose out of a separate occurrence from the federal suit. Second, he asserts

3

that the defamation claim did not mature until after the relevant filings in the federal suit, and so it is a permissive counterclaim under CR 13(e).

Moi's claims arise out of the same occurrence because they are logically related. The underlying federal suit concerns whether Moi participated in the creation of the artwork such that he can be considered a co-author of the work. Moi claimed this was so in his complaint. In his answer and counterclaim in the federal suit, Chihuly claimed that Moi did not participate and sought a declaratory judgment that Moi was not a co-author. Moi now claims Chihuly's statements to that effect are defamatory because they are untrue. Both the defamation suit and the federal suit arose out of Moi's alleged participation in the creation of the disputed artwork.

Moi's argument that his defamation claim was not mature at the time of the relevant pleadings is without merit. Rule 13(a) of both the Washington and federal rules requires a pleading to state all claims available <u>at the time of serving the pleading</u>. Fed. R. Civ. P. 13(a); CR 13(a). Here, Moi served an answer to Chihuly's counterclaim on July 7, 2017. The allegedly defamatory statements upon which he now seeks relief were made on June 2, 2017. Thus, the claims were available to him at the time he served his answer, and he was required to include them in that pleading.

Moi nevertheless claims that CR 13(e) controls because his defamation claim matured after the filing of the complaint, answer, and counterclaim on June 2, 2017. CR 13(e) applies to claims that mature after <u>the pleading</u>. The relevant

4

pleading here was Moi's July 7 answer to Chihuly's counterclaim.  Because the defamation claim concerned statements made prior to that pleading, it was fully mature and available to Moi at the time he served the pleading.  He was required under Rule 13(a) of the Washington and federal rules to raise it in that pleading. His failure to do so precludes him raising his claim here.

We affirm.

_Appelwick, J._

WE CONCUR:

_Leach, J._